# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                 Criminal Action No. 5:16-cr-24
                                                                          (JUDGE STAMP)

MARK COWDEN,

    Defendant.

## REPORT AND RECOMMENDATION

**I.**    **Introduction**

    *A.*    *Background*

On June 21, 2016, the Defendant was named in a two count indictment charging him with Count I–Deprivation of Rights in violation of 18 U.S.C. § 242 and Count II–Obstruction of Justice in violation of 18 U.S.C. § 1519. The alleged violations occurred on January 29, 2015. An initial appearance was held on June 27, 2016, at which the Defendant was released subject to conditions.

This matter comes before the court on Defendant's [ECF No. 25] Motion to Dismiss Count Two of the Indictment. The Defendant's motion was filed on August 9, 2016. The United States filed a response to the Defendant's motion on August 18, 2016. ECF No. 34. This court held a hearing on September 9, 2016. The Defendant appeared in person and by his counsel Michael Nogay, Esq. The United States (hereinafter the "Government") appeared by Nicholas Murphy, Esq. and Jarod Douglas, Esq. Both parties presented argument, however, no testimony or evidence was presented at the hearing.

### B. Recommendation

This court recommends that Defendant's [ECF No. 25] motion to dismiss be **DENIED** because the indictment is legally sufficient and this court lacks the authority to dismiss the indictment based on questions reserved for the trier of fact.

## II. Discussion

The Defendant advances three arguments in support of his motion to dismiss. First, the Defendant did not have fair notice that his conduct violated 18 U.S.C. § 1519. Second, 18 U.S.C. § 1519 is unconstitutionally vague despite the *scienter* requirement. Third, the court must consider the excessive force test established in *Graham v. Connor*, 490 U.S. 386(1989). This court is unpersuaded by the Defendant's arguments.

### A. The Defendant Had Fair Notice that His Conduct Violated 18 U.S.C. § 1519

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." The Supreme Court has "establish[ed] that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015) (citations omitted).

> 18 U.S.C. § 1519 provides:
>
> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

The Defendant raises two arguments that he did not have fair notice that his conduct violated 18

U.S.C. § 1519 therefore, the statute is unconstitutionally vague. First, he did not have fair notice that his conduct violated section 1519 because he is accused of omitting facts and section 1519 does not state that an omission constitutes a violation. Second, the Defendant could not have known that the forms at issue were submitted "in contemplation of a matter within the jurisdiction of any department or agency of the United States" because the federal investigation did not begin until fourteen months after the forms were submitted. The court is unpersuaded by these arguments.

### 1.  An Omission Can Constitute a Violation of 18 U.S.C. § 1519

The Defendant first argues that 18 U.S.C. § 1519 does not include the word "omit" or "omission" therefore, he did not have fair notice that his behavior charged in the indictment—"(5) omitting that the defendant struck [the arrestee] in the head and (6) omitting that the defendant's use of force injured [the arrestee]"—violated the law.

The Defendant acknowledges that other circuits have held that omissions can violate 18 U.S.C. § 1519. For example, in *United States v. Moyer*, 674 F.3d 192, 207 (3d Cir. 2012), the court stated that, "[i]t borders on the ridiculous to assert that a Chief of Police would *not* have a duty to disclose the identity of suspects in his official police reports or, conversely, that withholding the names of suspects—known to him—in those official police reports would be deemed acceptable." (emphasis original). Moreover, in *United States v. Lanham*, 617 F. 3d. 873, 887 (6th Cir. 2010), the court held that, "[m]aterial omissions of fact can be interpreted as an attempt to 'cover up' or 'conceal' information." This court agrees with the precedents cited by both the Defendant and the Government that an omission can constitute a violation of 18 U.S.C. § 1519.

The Defendant attempts to distinguish theses holdings from the facts here. The Defendant

indicates that he submitted two forms: (1) an Obstructing an Officer form[1] and (2) an Aggressive and Resistive Behavior form.[2] The Obstructing an Officer form is a narrative, whereas, the Aggressive and Resistive Behavior form requires the officer to fill in blank spaces with numbers. These numbers correspond to definitions at the bottom of the form regarding the level of force, where on the arrestee the force was used, and the type of force. The alleged omissions at issue relate to the narrative Obstructing an Officer Form. The Defendant argues that he included the alleged omitted information in the Aggressive Resistive Behavior form. Thus, "a reasonable officer in his position would not have understood that he was obligated under federal law to provide such details on the narrative form when he already had provided full information on the Aggressive and Resistive Behavior Response Form." Def.'s Mot. at 12.

Indeed, the Aggressive and Resistive Behavior Response form, completed by the Defendant, shows that under the section "Level of Force" he entered "42" indicating "Hands on Force"; under section "Type of Force" he entered "71" indicating "Hands/Arm"; and under section "How Used" he entered "91, 92, 93" indicating "Grab/Hold," "Push/Pull," and "Strike/Hit." However, a plain reading of these forms leaves several questions unanswered. For example, is the behavior that was allegedly omitted from the narrative form fully disclosed by entering codes in another form. Moreover, did the Defendant think that he was complying with the law by disclosing certain acts in a fill-in-the-blank form yet omitting them from the narrative form. These are questions of fact thus, this court cannot answer them at the pre-trial stage.

Furthermore, the Indictment cites behavior other than an omission that could constitute a

---

[1] *See* Def.'s Mot. Ex. A.

[2] *See Id*.

violation of 18 U.S.C. § 1519. The Indictment alleges that the Defendant:

> (1) falsely claimed that [the arrestee] became "more agitated" as he approached the Hancock County Sheriff's Office; (2) falsely described [the arrestee] as "verbally abusive/combative" at the Sheriff's Office; (3) falsely claimed that the defendant and another officer told [the arrestee] "to settle down"; (4) falsely claimed that [the arrestee] was told to "stop at the elevator" in the Sheriff's Office.

Therefore, even if the Defendant could show that an omission does not violate the law, the indictment alleges false statements that may amount to a violation of the law. Thus, the indictment is sufficient to survive the Defendant's motion to dismiss.

### 2. A Foreseeable Investigation is Not Required to Violate Section 1519

The Defendant argues that the investigation did not begin until fourteen months after he submitted the forms therefore, he did not have fair notice that the forms were submitted "in contemplation of a matter within the jurisdiction of any department or agency of the United States" under 18 U.S.C. § 1519. Def.'s Mot. at 13. Stated differently, the federal investigation was so remote that the Defendant could not have contemplated or foreseen the investigation when he submitted the forms. The court is unpersuaded by this argument for two reasons. First, it is well establish that "in relation to or in contemplation of" are part of the jurisdictional element of the statute therefore the Defendant's *mens rea* are irrelevant. Second, the jurisdictional element includes several clauses separated by "or" therefore, "in relation to or in contemplation of" is merely one way the United States may have jurisdiction thus, this clause does not create a foreseeability requirement.

The Defendant relies on *United States v. Kernell*, 667 F. 3d 746 (6th Cir. 2012) and *United States v. Yielding*, 657 F. 3d 688 (8th Cir. 2011) to support his argument, however, these cases are distinguishable. In *Kernell*, the court held that "[t]he belief that a federal investigation directed at

the defendant's conduct might begin at some point in the future satisfies the 'in contemplation' prong." 667 F. 3d at 755. The Defendant argues that *Kernell* established that foreseeability is a requirement because the defendant in *Kernell* foresaw an investigation and thereby satisfied the in contemplation prong. However, the *Kernell* court explained that the defendant was warned that his conduct had been reported to the FBI thus, the defendant had actual knowledge of an investigation therefore, "[section] 1519 would clearly apply to him." *Id*. at 751. Because section 1519 clearly applied to the defendant in *Kernell*, the court did not address whether section 1519 could apply to a hypothetical individual without knowledge of a foreseeable investigation. Therefore, *Kernell* does not establish that the Defendant must have foreseen an investigation.

Moreover, in *Yielding*, the court held that "[t]he statute . . . does not allow a defendant to escape liability for shredding documents with intent to obstruct a *foreseeable* investigation of a matter within the jurisdiction of a federal agency just because the investigation has not yet commenced." 657 F. 3d at 711 (emphasis added). The defendant argued that "the knowledge requirement of [section] 1519 means that the government was required to prove that he knew the [matter] at issue was within the jurisdiction of a department or agency of the United States." *Id*. at 713. However, the court explained that:

> The most natural grammatical reading of the statute is that the term "knowingly" in § 1519 modifies only the surrounding verbs: "alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry." The Supreme Court sometimes has applied "knowingly" more broadly (and unnaturally) in a criminal statute to avoid anomalies and constitutional problems, or where *scienter* is not otherwise expressed. Those concerns are not present here. The statute requires proof that an accused knowingly falsified a document, with intent to impede, obstruct, or interfere with the investigation or proper administration of a matter. It is sufficient that the "matter" is within the jurisdiction of a federal agency as a factual matter. *See United States v. Cooper*, 482 F.3d 658, 664–65 (4th Cir.2007) ("It is well settled that *mens rea* requirements typically do not extend to the jurisdictional elements of a crime—that 'the existence of the fact that confers federal jurisdiction need not be one in the mind

of the actor at the time he perpetrates the act made criminal by the federal statute.'"). This understanding of § 1519 is consistent with the relevant legislative history. *See* S.Rep. No. 107–146, at 15 (2002) ("Destroying or falsifying documents to obstruct any of these types of matters or investigations, which in fact are proved to be within the jurisdiction of any federal agency are covered by this statute."); 148 Cong. Rec. S7419 (daily ed. July 26, 2002) (statement of Sen. Leahy) ("The fact that a matter is within the jurisdiction of a federal agency is intended to be a jurisdictional matter, and not in any way linked to the intent of the defendant.").

(citations omitted). Therefore, neither *Yielding* nor any other cases cited by the Defendant establish that foreseeability is a requirement of 18 U.S.C. § 1519.

Moreover, the great weight of authority cited by the Government shows that foreseeability is not an element of 18 U.S.C. § 1519. For example, the Second Circuit stated that, "in enacting § 1519, Congress rejected any requirement that the government prove a link between a defendant's conduct and an imminent or pending official proceeding." *United States v. Gray,* 642 F.3d 371, 377 (2d Cir. 2011). In fact, "§ 1519 does not require the existence or likelihood of a federal investigation." *Id.* at 379. The Third Circuit held that,"[t]he text of § 1519 requires only proof that [the defendant] knowingly falsified documents and did so with the intent to 'impede, obstruct, or influence the investigation or proper administration of any matter' that happens to be within federal jurisdiction." *United States v. Moyer*, 674 F.3d 192, 209 (3d Cir. 2012). Moreover, in *United States v. Jho*, 465 F. Supp. 2d 618, 636 (E.D. Tex. 2006), *rev'd on other grounds*, 534 F.3d 398 (5th Cir. 2008), the court held that,"imposing a requirement that the matter develop into a formal investigation ignores the plain meaning of the statute and the legislative history." In *United States v. Ionia Mgmt.,* 526 F.Supp.2d 319, 329 (D. Conn. 2007), the court held that,"[i]n comparison to other obstruction statutes, § 1519 by its terms does not require the defendant to be aware of a federal proceeding, or even that a proceeding be pending."

Furthermore, section 1519 is violated by a false statement with the intent to impede "an

investigation or proper administration of any matter within the jurisdiction of [the United States] . . . *or* in relation to or contemplation of any such matter or case." (emphasis added). The clause "in relation to or contemplation of" is preceded by "or" thus, "in relation to or contemplation of" is merely one way that the statutory requirements are met. Therefore, "the plain language of ["18 U.S.C. § 1519] only requires the Government to prove that [the defendant] intended to obstruct the investigation of *any* matter that happens to be within the federal government's jurisdiction." *United States v. Gray*, 692 F.3d 514, 519 (6th Cir. 2012) (emphasis original). Because "any matter within the jurisdiction of [a] department of . . . the United States . . . includes an FBI investigation," the jurisdictional element is satisfied and 18 U.S.C. § 1519 does not require that the Defendant foresaw an investigation. *United States v. Hunt*, 526 F. 3d 739, 743 (11th Cir. 2008).

### B. *Section 1519 is Not Unconstitutionally Vague*

The Defendant indicates that courts have relied on the specific intent element within section 1519 to save the statute from being unconstitutionally vague. The Defendant argues, however, that the statute can be read as a general intent crime thus, it is unconstitutionally vague without the specific intent requirement. The court is unpersuaded by this argument.

The Defendant relies on *Kernell*, 667 F.3d at 752, in which the defendant argued that, "the statute prohibits two types of conduct: (1) knowingly destroying documents with the intent to impede an investigation, and (2) knowingly destroying documents in relation to or in contemplation of an investigation." Therefore, the defendant argued that, "§ 1519 is a general intent statute as it was applied to him, and the lack of specific intent to obstruct for those convicted of destroying documents in contemplation of an investigation renders the statute vague." *Id*. The court stated that, "[g]rammatically, [the defendant] has an argument. The phrase starting 'with the intent to impede'

requires a direct object, and there is no natural reading of the statute that makes a contemplated investigation that object, particularly given the presence of the word "or" rather than "either" before the phrase "in relation to or in contemplation of." *Id*. However, the court rejected the defendant's argument stating that, "the Supreme Court has frequently refused to adopt 'the most grammatical reading of the statute' . . . when a lack of intent would risk punishing otherwise innocent conduct. When faced with two readings of the statute, one of which is constitutional and the other which is not, Congress is presumed to have enacted a constitutional statute." *Id*. (citations omitted).

The Defendant here argues that the *Kernell* court overlooked a plausible reading of the statute which would render it a general intent crime. Specifically, the court overlooked that the statute criminalizes the "'knowing . . . falsi[fication] . . . in any record, document or tangible object . . . in relation to or in contemplation of any' federal investigation." Def.'s Mot. at 17. However, the only difference between the Defendant's argument and the one rejected by the court in *Kernell* is the focus is on the act of "falsifying" rather than "destroying." For purposes of this argument the change of focus makes no difference because both words are equal members of a list of seven prohibited acts in the statute.

Moreover, the great weight of cases that have considered vagueness challenges to section 1519 have upheld the statute. For example, in *United States v. Hunt*, 526 F.3d 739, 743 (11th Cir. 2008), the court found that the statute was not unconstitutionally vague as applied to a police officer who made a false statement in a report. In *United States v. Stevens*, 771 F. Supp. 2d 556, 562 (D. Md. 2011), the court held that, "[w]hen construed as requiring proof of a specific intent to impede, obstruct, or influence a federal matter, § 1519 provides sufficient notice of what conduct is prohibited, and is not subject to arbitrary or discriminatory enforcement." Moreover, section 1519

"contains a *scienter* requirement which mitigates any vagueness that remains in the statute." *United States v. Moyer*, 726 F. Supp. 2d 498, 510 (M.D. Pa. 2010).

The Government's brief tells us that "[i]n the fourteen years since § 1519 was passed by Congress, the government is not aware of a single court that has found the terms "in relation to or contemplation of" unconstitutionally vague" and the Defendant does not direct this court to any such authority. Gov.'s Reply at 14. Therefore, this court rejects the Defendant's argument based on a plain reading of the statute as well as the great weight of authority upholding section 1519.

### C. *Defendant's Excessive Force Analysis is Not Applicable to this Motion*

The Defendant cites *Graham v. Connor*, 490 U.S. 386 (1989), which established the standard for determining whether the officer used excessive force. The Defendant analyzes the factors and argues that this test should be considered in the courts decision. The court is unpersuaded by this argument for two reasons.

First, the Defendant moved to dismiss Count II of the indictment charging him with obstruction of justice. The Defendant did not move to dismiss count I of the indictment charging him with excessive force. Therefore, analysis regarding excessive force is inapposite.

Second, the multi-prong *Graham* test creates issues of fact which are not appropriate for ruling on the merits at the pre-trial stage.

### III. RECOMMENDATION

Based upon the foregoing, this court **RECOMMENDS** that Defendant's [ECF No. 25] Motion to Dismiss Count Two of the Indictment be **DENIED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of

the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record.

Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

**Dated**: September 12, 2016 /s/ **James E. Seibert**
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE