IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:16CR24
                                                (STAMP)

MARK COWDEN,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

The defendant, Mark Cowden ("Cowden"), filed a motion to dismiss Count Two of his indictment, which court charged him with obstruction of justice and falsification of a document. This matter was referred to United States Magistrate Judge James E. Seibert. The magistrate judge issued a report and recommendation that the motion be denied. Cowden timely filed objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, denies the motion, and overrules Cowden's objections.

I. Background

On June 21, 2016, Cowden was charged in a two-count indictment. Count One charged Cowden with deprivation of rights in violation of 18 U.S.C. § 242, and Count Two charged him with obstruction of justice-falsification of document in violation of 18 U.S.C. § 1519. Cowden was indicted under Count One for physically assaulting an arrestee, R.H., while acting under the color of law.

Specifically, the indictment states that Cowden caused bodily injury to R.H. and thereby willfully deprived R.H. of the right to not be deprived of due process of law, which includes the right to be free from the use of excessive force by a law enforcement officer.

Cowden was indicted under Count Two for knowingly falsifying and making a false entry in a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. Specifically, the indictment states that Cowden falsified a Hancock County Sheriff's Office form, titled "Obstructing an Officer," relating to his use of force against R.H. According to the indictment, Cowden falsely claimed that R.H. became agitated and combative towards Cowden and that Cowden omitted from the form that he struck R.H. in the head.

Cowden was released on bond on June 27, 2016. On July 12, 2016, this Court granted Cowden's motion for continuance of the trial and, therefore, the trial is currently set to begin on October 11, 2016. On August 9, 2016, Cowden filed a motion to dismiss Count Two of the indictment. ECF No. 25. In the motion to dismiss, Cowden argues that (1) he did not have fair notice that his conduct violated 18 U.S.C. § 1519, (2) § 1519 is unconstitutionally vague despite the scienter requirement, and (3) this Court must consider the excessive force test established in Graham v. Connor, 490 U.S. 386 (1989). The Government filed a

response to this motion to dismiss, and Cowden filed a reply to the Government's response.

On September 8, 2016, Magistrate Judge Seibert held an evidentiary hearing on the motion to dismiss Count Two of the indictment and the Government's related motion to quash Cowden's subpoenas, which were sought for witnesses Cowden wished to testify at the evidentiary hearing. Magistrate Judge Seibert granted the motion to quash Cowden's subpoenas at the September 8, 2016 hearing.

On September 12, 2016, Magistrate Judge Seibert issued his report and recommendation denying Cowden's motion. Magistrate Judge Seibert first found that Cowden did have fair notice that his conduct violated § 1519 because an omission in the form can violate the statute and the statute does not require that a federal investigation be foreseeable. Magistrate Judge Seibert next found that § 1519 is not unconstitutionally vague because a plain reading of the statute indicates that it is not a general intent crime and the weight of case law has upheld § 1519 as constitutional. Lastly, Magistrate Judge Seibert found that the Graham excessive force test is not applicable to the motion to dismiss Count Two of the indictment, which deals with obstruction of justice, not excessive force.

Cowden filed objections to the report and recommendation on September 14, 2016. His first objection is to Magistrate Judge

Seibert's finding that there was fair notice. Cowden argues that § 1519 does not expressly criminalize omissions, that the two forms Cowden filled out do not contain any omissions when read together, and that § 1519 requires that a federal investigation must have been likely to occur. Cowden's second objection is to Magistrate Judge Seibert's finding that § 1519 is not unconstitutionally vague. Cowden argues that the lack of a mens rea requirement and the "in contemplation" of a federal investigation language make the statute unconstitutionally vague.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because Cowden filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

### A. There Was Fair Notice that Cowden's Conduct Violated § 1519

Cowden argues that he did not have fair notice that his conduct violated § 1519 because (1) the statute does not state that an omission constitutes a violation and (2) he could not have known

4

that the forms at issue were submitted "in contemplation of a matter within the jurisdiction of any department or agency of the United States" because the federal investigation did not begin until fourteen months after the forms were submitted.

1. An Omission Can Be a Violation of § 1519

As to Cowden's first argument, this Court agrees with Magistrate Judge Seibert that an omission can constitute a violation of § 1519. Although the United States Court of Appeals for the Fourth Circuit has not addressed the issue, other circuits that have considered it have found that omissions can violate the statute. For instance, the United States Court of Appeals for the Third Circuit has stated that "[i]t borders on the ridiculous to assert that a Chief of Police would *not* have a duty to disclose the identity of suspects in his official police reports or, conversely, that withholding the names of suspects-known to him-in those official police reports would be deemed acceptable." United States v. Moyer, 674 F.3d 192, 207 (3d Cir. 2012). Additionally, the Sixth Circuit has held that "[m]aterial omissions of fact can be interpreted as an attempt to 'cover up' or 'conceal' information." United States v. Lanham, 617 F.3d 873, 887 (6th Cir. 2010).

This Court also agrees with Magistrate Judge Seibert that there are questions of fact as to whether Cowden actually omitted anything from the two forms, and that it is improper to resolve those questions of fact at the pretrial stage. There are questions

5

of fact because Cowden submitted one narrative form titled "Obstructing an Officer" and one fill-in-the-blank form titled "Aggressive and Resistive Behavior." Cowden omitted that he struck R.H. in the head and caused R.H. to be injured from the narrative form, but argues that he included that information in the fill-in-the-blank form and thereby fully disclosed it in compliance with the law. On the fill-in-the-blank form, Cowden entered numbers corresponding to the form's key indicating that the type of force used was "Hands/Arm," that the level of force was "Hands on Force," and that the method of force was "Grab/Hold," "Push/Pull," and "Strike/Hit." Whether those entries are enough to comply with the law despite the omissions in the narrative form is a question of fact that cannot be answered until trial.

Additionally, this Court agrees with Magistrate Judge Seibert that the indictment also alleges false statements that may amount to violations of § 1519. Count Two of the indictment alleges that Cowden

> (1) falsely claimed that R.H. became "more agitated" as he approached the Hancock County Sheriff's Office; (2) falsely described R.H. as "verbally abusive/combative" at the Sheriff's Office; (3) falsely claimed that the defendant and another officer told R.H. "to settle down"; [and] (4) falsely claimed that R.H. was told "to stop at the elevator" in the Sheriff's Office . . . .

Thus, the indictment is sufficient to survive Cowden's motion to dismiss Count Two even if Cowden could show that an omission is not a violation of § 1519.

6

2. <u>A Foreseeable Investigation Is Not an Element of § 1519</u>

As to Cowden's second argument, this Court agrees with Magistrate Judge Seibert that a foreseeable investigation is not a required element of § 1519. The language "in relation to or contemplation of [a federal investigation]" is part of the statute's jurisdictional element and is not relevant to Cowden's mens rea. Additionally, the jurisdictional element contains several clauses separated by "or," which indicates that "in relation to or contemplation of [a federal investigation]" is only one of several ways to establish jurisdiction under § 1519. Thus, this Court cannot grant the motion to dismiss Count Two simply based on the argument, even if true, that Cowden did not foresee a federal investigation coming out of the incident with R.H.

This Court also agrees with Magistrate Judge Seibert that the cases relied upon by Cowden do not establish a foreseeability requirement. Cowden argues that <u>United States v. Kernell</u>, 667 F.3d 746 (6th Cir. 2012), established a foreseeability requirement because the defendant in that case foresaw an investigation and thereby satisfied the jurisdictional element through the "contemplation" clause of § 1519. However, the <u>Kernell</u> court did not address the issue of whether § 1519 applies to an individual who did not foresee a federal investigation because the defendant in <u>Kernell</u> had actual knowledge that there would be a federal investigation into his conduct. That defendant's actual knowledge

clearly satisfied the jurisdictional element, but the Kernell court in no way rejected any other method of establishing jurisdiction under § 1519. Thus, contrary to Cowden's argument, Kernell did not establish a foreseeability requirement.

Similarly, Cowden also misinterprets the "knowingly" requirement in Unites States v. Yielding, 657 F.3d 688 (8th Cir. 2011), as establishing that the government must prove the defendant knew the matter at issue was within federal jurisdiction. However, as the Yielding court explained,

> [t]he most natural grammatical reading of the statute is that the term "knowingly" in § 1519 modifies only the surrounding verbs: "alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry." The Supreme Court sometimes has applied "knowingly" more broadly (and unnaturally) in a criminal statute to avoid anomalies and constitutional problems, or where scienter is not otherwise expressed . . . . Those concerns are not present here. The statute requires proof that an accused *knowingly* falsified a document, with *intent* to impede, obstruct, or interfere with the investigation or proper administration of a matter. It is sufficient that the "matter" is within the jurisdiction of a federal agency as a factual matter. See United States v. Cooper, 482 F.3d 658, 664-65 (4th Cir. 2007) ("It is well settled that mens rea requirements typically do not extend to the jurisdictional elements of a crime–that 'the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute.'").

Yielding, 657 F.3d at 714. Thus, the "knowingly" requirement is separate from the jurisdictional element and does not establish a foreseeability requirement.

Further, there are other cases affirmatively rejecting any foreseeability requirement in § 1519. For instance, the United

8

States Court of Appeals for the Second Circuit states that, "in enacting § 1519, Congress rejected any requirement that the government prove a link between a defendant's conduct and an imminent or pending official proceeding." United States v. Gray, 642 F.3d 371, 377 (2d Cir. 2011). The Third Circuit also held that "[t]he text of § 1519 requires only proof that [the defendant] knowingly falsified documents and did so with the intent to 'impede, obstruct, or influence the investigation or proper administration of any matter' that happens to be within federal jurisdiction." Moyer, 674 F.3d at 209. Similarly, the United States Court of Appeals for the Fifth Circuit held that "imposing a requirement that the matter develop into a formal investigation ignores the plain meaning of the statute and the legislative history." United States v. Jho, 465 F. Supp. 2d 618, 636 (E.D. Tex. 2006), rev'd on other grounds, 534 F.3d 398 (5th Cir. 2008); see also United States v. Ionia Mgmt., 526 F. Supp. 2d 319, 329 (D. Conn. 2007) ("In comparison to other obstruction statutes, § 1519 by its terms does not require the defendant to be aware of a federal proceeding, or even that a proceeding be pending.").

Further, it has been established that "any matter within the jurisdiction of [a] department of . . . the United States . . . include[s] an FBI investigation." United States v. Hunt, 526 F.3d 739, 743 (11th Cir. 2008). Thus, because § 1519 does not require that Cowden foresaw the FBI investigation, the statute's

9

jurisdictional element is satisfied. Cowden's motion to dismiss Count Two of the indictment cannot be granted based on his argument that there is a foreseeability requirement.

B.  Section 1519 Is Not Unconstitutionally Vague

Cowden argues that § 1519 can be read as a general intent crime and is thus unconstitutionally vague without the specific intent requirement. This Court agrees with Magistrate Judge Seibert and other courts that have considered the issue that there is a specific intent requirement rendering the statute constitutional. Although Cowden is correct that it is grammatically possible to read the statute as a general intent crime, it makes more grammatical and practical sense to read it as containing a specific intent requirement. "When faced with two readings of [a] statute, one of which is constitutional and the other which is not, Congress is presumed to have enacted a constitutional statute." Kernell, 667 F.3d at 752 (internal citations omitted). It was for that reason that the Kernell court rejected the Kernell defendant's argument that, because "in relation to or contemplation of [a federal investigation]" is not the natural direct object of "intent to impede," there is no specific intent requirement to that element of § 1519.

More importantly, no court that has considered the issue has found § 1519 to be unconstitutionally vague. The Eleventh Circuit considered a similar case, United States v. Hunt, 526 F.3d 739, 743

(11th Cir. 2008), in which a police officer falsified a document related to a use of force incident. In that case, the Eleventh Circuit found that § 1519 was not unconstitutionally vague as applied to that officer even though he falsified the document prior to the start of any federal investigation. Id. ("By its plain text, the statute placed [the officer] on notice his conduct was unlawful."). The Third Circuit reached the same conclusion in Moyer, adding that "[§] 1519's scienter requirement, moreover, eliminates any concerns regarding statutory vagueness." 674 F.3d at 211; see also United States v. Stevens, 771 F. Supp. 2d 556, 562 (D. Md. 2011) ("When construed as requiring proof of a specific intent to impede, obstruct, or influence a federal matter, § 1519 provides sufficient notice of what conduct is prohibited, and is not subject to arbitrary or discriminatory enforcement.").

Thus, the statute must be read as a specific intent crime and the weight of authority considering the issue has reached the same conclusion. Accordingly, Cowden's motion to dismiss Count Two cannot be granted based on the argument that § 1519 is unconstitutionally vague.

C. The Excessive Force Analysis Does Not Apply

Cowden argues that this Court should utilize the Graham v. Connor, 490 U.S. 386 (1989), test for determining whether an officer used excessive force. This Court agrees with Magistrate Judge Seibert that the Graham test is inapplicable to Count Two of

11

the indictment, which charges Cowden with obstruction of justice. It is Count One of the indictment that charges Cowden with excessive force, and this motion to dismiss involves only Count Two. This Court also agrees with Magistrate Judge Seibert that, even if the Graham test were applicable, it is not proper to resolve before trial the questions of fact necessary to apply the test.

IV. Conclusion

For the reasons stated, Magistrate Judge Seibert's report and recommendation (ECF No. 47) is AFFIRMED AND ADOPTED. Accordingly, Cowden's motion to dismiss Count Two of the indictment (ECF No. 25) is DENIED. Further, Cowden's objections (ECF No. 48) are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     September 26, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE