IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

  Plaintiff,

v.            Criminal Action No. 5:16CR24
                  (STAMP)
MARK COWDEN,

  Defendant.

**MEMORANDUM OPINION AND ORDER
REGARDING DEFENDANT'S MOTIONS IN LIMINE**

  Pending before this Court, along with other motions, are motions in limine filed by the defendant on August 26, 2016. ECF No. 38. The trial in this criminal action is scheduled to commence on October 11, 2016. This Court has reviewed the defendant's motions in limine and the government's responses. This Court has also heard oral argument from both parties as to these motions in limine by defendant. At oral argument on the motions in limine, this Court also heard the government's proffers of evidence. Accordingly, this Court will now address the motions in limine and set forth its findings, as discussed below.

**Defendant's Motions in Limine**

1. <u>Defendant's Motion in Limine to Exclude Any Matters Concerning in Any Way Alleged Acts of Use of Excessive Force by the Defendant While Acting as a Hancock County Deputy or at Any Other Time</u>, <u>Including but Not Limited to</u>:

a.  <u>Allegations in a Matter Known as "Settle" Where the Defendant Allegedly Subdued a Man by the First Name of "Jake" in a Domestic Violence Situation</u> — DENIED.

In his first motion in limine, the defendant seeks to exclude allegations of the defendant's use of excessive force in the "Settle" matter, which occurred on June 30, 2014, where the defendant allegedly subdued a man by the first name of "Jake" in a domestic violence situation.  The defendant describes the "Settle" matter as a June 2014 incident in which there was a domestic violence call where a woman reported to the police that her husband "was going to kill her" and "had a gun."  The defendant arrived on the scene with Sheriff Fletcher, and the defendant alleges that Jake tried to "head butt" him.  At that time, the government alleges that the defendant hit Jake in the nose with the brim of his hat and then punched him before Jake fell to the ground and the defendant got on top of him and threw "haymakers."  The government alleges that the defendant made no attempt to handcuff Jake during the incident.  Sheriff Fletcher indicated in a note regarding the incident that he brought the defendant into his office to counsel him about "having lost control of his anger."

The defendant argues that admitting evidence of the Settle matter would result in a "mini-trial" within the trial of Count One of the indictment.  The defendant further argues that a charge of excessive force in violation of 18 U.S.C. § 242 requires a careful

Fourth Amendment analysis of the facts and circumstances of the particular case and, thus, should not rely on unrelated prior bad acts. Additionally, the defendant argues that evidence of the Settle matter is not "necessary" for the government to prove its case pursuant to Federal Rule of Evidence 404(b) given the "extensive" video and eyewitness evidence.

The government argues that evidence of the Settle matter is admissible under Rule 404(b) because it is relevant, necessary, and reliable. The government argues that it is relevant to both the willfulness element of Count One and the anticipated defense of accident or good faith. Specifically, the government contends that a reasonable juror could conclude from the prior similar instance that the defendant perceived a need to establish his authority over the individuals. The government also argues that the Settle matter is necessary in that it is probative of both the willfulness element and the anticipated defense of accident or good faith. Finally, the government argues the evidence is reliable because it will come from the testimony of eyewitness officers who will be subject to cross-examination.

Federal Rule of Evidence 404 provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nonetheless, Rule 404(b) has been recognized as a rule of inclusion

rather than a rule of exclusion. See <u>United States v. Queen</u>, 132 F.3d 991, 994 (4th Cir. 1997) ("Because the rule recognizes the admissibility of prior crimes, wrongs, or acts, with only the one stated exception, it is understood to be a rule of inclusion . . . ." (citing <u>United States v. Aramony</u>, 88 F.3d 1369, 1377 (4th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1239 (1997); <u>United States v. Russell</u>, 971 F.2d 1098, 1106 (4th Cir. 1992))). For instance, evidence falling under Rule 404(b) may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Specifically, the Fourth Circuit held in <u>Queen</u> that

> evidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

<u>Queen</u>, 132 F.3d at 997.

Even in the case of some risk of unfair prejudice, however, the Fourth Circuit places great confidence in jury instructions to counter that risk. See <u>id.</u> ("Also, additional protection against

4

the pitfalls the rule protects against may be provided by (1) a limiting jury instruction, when requested by a party, explaining the purpose for admitting evidence of prior acts . . . ."); United States v. Whorley, 550 F.3d 326, 338 (4th Cir. 2008) ("And to reduce the risk of prejudice, the court gave the jury a limiting instruction." (citing Queen, 132 F.3d at 997)).

Based on the case law discussed above, the motion in limine as to evidence of the Settle matter is DENIED. This Court finds that the evidence is relevant to the element of willfulness in Count One and the defendant's state of mind. As the Settle matter occurred on June 30, 2014, the evidence is not so remote that it should be deemed irrelevant and, thus, inadmissible. The evidence is also necessary because it is probative of the willfulness element. It is reliable because the evidence will be in the form of eyewitness testimony. Finally, the probative value is not substantially outweighed by the potential for unfair prejudice, especially given that the Court will provide the jury with an appropriate instruction to counter the risk of unfair prejudice. Further, this Court invites counsel to submit proposed limiting instructions on this subject for this Court to consider.

b. Allegations in a Matter at the Chrome Night Club Where a Man by the Last Name of Hall Was Arrested Following a Disturbance in the Parking Lot and a Woman by the Last Name of Burkey Was Allegedly Struck by the Defendant — DENIED.

The defendant also seeks to exclude evidence of a second use of force in an incident known as the "Chrome" night club matter on February 23, 2013, following a "Machine Gun Kelly" rap concert. In the parking lot after the concert, a man named William Hall got into a heated argument with another man and refused to get into his van when ordered to do so. At that point, the defendant intervened. The government alleges that the defendant shoved one of the men into a vehicle and caused him to fall to the ground and that the man got up and said "you can't treat me like that, you need to show some respect." The government alleges that the defendant "immediately punched [the man] in the face," the man fell to the ground, and the defendant got on top of him and started "haymakering him in the face." Deputy Little, who was present at the scene, reported that the defendant did not appear to be trying to arrest the man as he was "pounding" him.

Both the defendant and the government offer the same arguments as to the Chrome matter as they did regarding the Settle matter. Based on the same law and for the same reasons, the motion in limine as to the Chrome matter is DENIED. This Court agrees with the government that the evidence is relevant and necessary to proving the willfulness element of Count One as well as the defendant's state of mind. Further, the Chrome matter, which occurred on February 24, 2013, is like the Settle matter in that it cannot be deemed so remote as to make it irrelevant and, thus,

inadmissible.  This Court also agrees with the government that the evidence is reliable because it will come from officers' eyewitness testimony.  Further, the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice given this Court's confidence in the countering effect of jury instructions. Further, as in the Settle matter, this Court invites counsel to submit proposed limiting instructions on this subject for the Court's consideration as to the Chrome matter as well.

    c. <u>Any Other Matters Involving the Alleged Improper or Excessive Use of Force Other than the Incident Actually Alleged in the Indictment</u> — DENIED.

    The defendant's motion in limine to exclude evidence of any other matters involving the alleged improper or excessive use of force other than the incident actually alleged in the indictment is DENIED.  The defendant has not provided this Court with evidence as to what these other matters might be, and, without such evidence, this Court does not have enough information to fully consider and grant the motion in limine.

2. <u>Defendant's Motion in Limine to Exclude Any Allegations Regarding Discipline or Temporary Demotion of the Defendant While a Sheriff's Deputy, Including but Not Limited to</u>:

a. <u>Any Alleged Request by the Sheriff that the Defendant Received Anger Management Counseling with His Pastor</u> — DENIED.

The defendant also seeks to exclude evidence of any alleged request by the Sheriff that the defendant receive anger management counseling with his pastor. The defendant does not set forth any arguments specific to this evidence but categorizes the request within the arguments pertaining to the above Settle and Chrome matters. The government argues that the evidence is relevant and probative as to the willfulness element of Count One because it shows that the defendant knew the Sheriff did not consider a closed-fist punch to be acceptable officer conduct.

This Court finds that the Sheriff's request that the defendant receive anger management counseling is relevant as to the willfulness element and the defendant's state of mind. Further, pursuant to Federal Rule of Evidence 403, the probative value of the evidence is not substantially outweighed by the potential for unfair prejudice. Accordingly, the defendant's motion in limine to exclude this evidence is DENIED.

b. <u>Any Matters Contained in the Personnel File of the Defendant at the Hancock County Sheriff's Department Which Fall Within the Scope of Rule 404 of the Federal Rules of Evidence</u> — DENIED.

The defendant further seeks to exclude any evidence regarding matters contained in the defendant's personnel file at the Hancock

County Sheriff's Department that fall within the scope of Federal Rule of Evidence 404. Like the request as to the anger management counseling, the defendant also does not individually address this motion in limine in his memorandum but maintains throughout that such character evidence is inadmissible under Rule 404. The government also does not address this particular category of evidence in its response. Further, neither party addressed the motion in limine as to this evidence at oral argument. Accordingly, the defendant's motion in limine as to this evidence is DENIED because of a lack of specificity as to what evidence the defendant would have the Court exclude.

3. <u>Defendant's Motion in Limine to Exclude Any Mention of an Alleged Agreement to Retire and Not Face Departmental or Other Charges by the Hancock County Prosecuting Attorney</u> — DENIED AS MOOT.

The defendant next seeks to exclude any mention of an alleged agreement to retire and not face departmental or other charges by the Hancock County prosecuting attorney. The defendant argues that these discussions are inadmissible pursuant to Federal Rule of Evidence 410(a)(4) and Federal Rule of Criminal Procedure 11(f). The government states that it does not object to this request by the defendant. Accordingly, the defendant's motion in limine as to this evidence is DENIED AS MOOT.

4. _Defendant's Motion in Limine to Exclude Any Character Descriptions Elicited from Sheriff Ralph Fletcher, Chief Deputy Art Watson, Any Co-Workers, Other Deputies, or Other Law Enforcement Officers Including Sgt. James Gibson of the West Virginia State Police_ — DEFERRED.

The defendant also seeks to exclude any character descriptions elicited from Sheriff Ralph Fletcher, Chief Deputy Art Watson, any co-workers, other deputies, or other law enforcement officers including Sergeant James Gibson of the West Virginia State Police. In support of this motion in limine, the defendant argues that his character is not in issue and that no officer took any steps to make a formal complaint against him or otherwise pursue charges related to any "anger" issues. Rather, the defendant argues that the senior law enforcement officers trusted the judgment and courage of the defendant in performing his job duties.

The government responds to this motion in limine by stating that it intends to comply with Federal Rule of Evidence 404(a)(2)(A), which permits the government to offer character evidence only after the defendant has "opened the door" by offering good character evidence about himself. Thus, the government argues that the defendant's motion in limine to exclude bad character evidence is premature because it is currently unknown whether the defendant will offer good character evidence. This Court agrees with the government that a ruling on this motion in limine is

10

premature without knowing whether the defendant will open the door with good character evidence pursuant to Rule 404(a)(2)(A). Accordingly, a ruling on this motion in limine is DEFERRED.

5. <u>Defendant's Motion in Limine to Exclude Any Testimony Indicating that There Was Alleged "Blood" on a Brick Wall Outside the Lobby Entrance to the Elevator at the Hancock County Courthouse; or in the Elevator on Any Wall or Flooring, Unless There Is Scientific Testing that Establishes that It Is, in Fact, Human Blood that Matches the DNA of Ryan Hamrick or Another Person Involved in this Matter</u> — DEFERRED.

The defendant next seeks to exclude any photographs or testimony indicating that there was alleged "blood" on a brick wall outside the lobby entrance to the elevator at the Hancock County Courthouse or in the elevator on any wall or flooring, unless there is scientific evidence establishing that it is human blood that matches the DNA of the arrestee or another person involved in the matter. The defendant argues that such evidence, without any medical or scientific authenticating basis, is not permitted under Federal Rule of Evidence 901(a), which requires document authentication as a condition precedent to admissibility.

The government responds that the defendant's argument goes to the probative value of the evidence, not its admissibility. The government argues that witnesses should be permitted to testify to first-hand observations of blood, including the locations and

timing of those observations. The government further argues that such evidence is relevant as to whether the arrestee sustained an injury as a result of the force used by the defendant. This Court finds that there does need to be some nexus attributing the blood on the wall to this case but that the nexus need not necessarily be DNA or other scientific evidence. At oral argument on this motion in limine, the government indicated that it intends to offer "before" and "after" evidence as to the blood on the wall, which this Court may or may not find creates a sufficient nexus. Accordingly, the defendant's motion in limine as to this evidence is DEFERRED.

6. <u>Defendant's Motion in Limine to Exclude Any "Use of Force" or Medical Injury Opinions by Any Person Including by Other Officers Who Were Present and Who Did Not Object to the Force Used by Lt. Cowden on Hamrick While the Arrestee Was Resisting and "Jerking" in the Entry Foyer and Lobby Outside or Near in the Elevator</u> — DENIED.

The defendant argues that this Court should exclude any "use of force" or medical injury opinions by any person, including by officers who were present and did not object to the force used by the defendant on the arrestee while the arrestee was resisting and "jerking" in the entry foyer and lobby outside or near in the elevator. The defendant argues that these "expert opinions" on the use of force or medical injuries are not proper because there has been no disclosure of expert witnesses by the government. The

government responds that the testimony from these officers on both the use of force and injury issues does not constitute expert opinion under Federal Rule of Evidence 702 but rather lay opinion admissible under Federal Rule of Evidence 701.

Rule 701 permits lay witnesses to give opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Pursuant to Rule 701, this Court finds that the government may offer testimony from officers as to what those officers observed or perceived as to both the defendant's use of force and the arrestee's injuries. In testifying as to what they observed or perceived, the officers' testimony does not fall into Rule 702 and should be allowed regardless of whether the government disclosed the officers as expert witnesses. Accordingly, the defendant's motion in limine as to this evidence is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.

DATED:   October 4, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE