IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Criminal Action No. 5:16CR24
                                                                    (STAMP)

MARK COWDEN,

    Defendant.

**MEMORANDUM OPINION AND ORDER CONFIRMING PRONOUNCED
RULINGS DENYING GOVERNMENT'S MOTION IN LIMINE
TO EXCLUDE EXPERT TESTIMONY**[1]

Pending before this Court, along with other motions, is a motion in limine filed by the government on September 16, 2016. ECF No. 49. The motion in limine asks this Court to exclude expert testimony from Dr. Jack Riggs and Timothy Dimoff. The trial in this criminal action is scheduled to commence on October 11, 2016. This Court has reviewed the government's motion in limine and the defendant's response. This Court has also heard oral argument from both parties as to this motion in limine by the government and has held a Daubert hearing as to the testimony of Dr. Jack Riggs. The parties did not request a Daubert hearing as to the testimony of Timothy Dimoff, and the Court did not hold one.

---

[1]At the conclusion of the Daubert hearing on October 4, 2016, this Court orally made the rulings that are confirmed and set forth below in more detail in this memorandum order and opinion.

1. <u>Government's Motion in Limine to Exclude Expert Testimony of Dr. Jack Riggs</u> — DENIED.

The government first asks this Court to exclude the expert testimony of Dr. Jack Riggs, a Professor of Neurology at the West Virginia University School of Medicine. The defendant intends to call Dr. Riggs to testify that there is no medically-substantiated evidence that the defendant caused any injury to the arrestee that was not already present upon his arrival at the Hancock County Sheriff's Office ("HCSO"). The government argues that the defendant has failed to establish that, as a neurologist, Dr. Riggs is qualified to offer expert testimony as to the victim's facial injuries suffered as a result of blunt force trauma. The government further argues that well-settled authority precludes Dr. Riggs from offering his opinion as to the credibility of eyewitnesses to the defendant's use of force.

The defendant argues that Dr. Riggs is qualified to offer expert testimony based on the contents of his Curriculum Vitae ("CV"), his four-page report explaining his opinions in this case, his peer-reviewed articles on treating soldiers exposed to facial trauma, and his experience as the Commanding Officer at two military hospitals. Further, the defendant argues that Dr. Riggs's testimony will reflect his training in recognizing and treating blunt force trauma. The defendant also points out that Dr. Riggs was provided with all of the discovery material disclosed by the

government to serve as the basis of his opinions. Lastly, the defendant argues that Dr. Riggs has applied reliable principles and methods in using those discovery materials to reach his opinions.

Federal Rule of Evidence 702 governs the admission of expert testimony and provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Supreme Court of the United States announced five factors to consider in conducting a Rule 702 analysis in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593-94 (1993). To assess the relevancy and reliability of expert testimony under Rule 702, a court may consider

> (1) whether the particular scientific theory "can be (and has been) tested"; (2) whether the theory "has been subjected to peer review and publication"; (3) the "known or potential rate of error"; (4) the "existence and maintenance of standards controlling the technique's operation"; and (5) whether the technique has achieved "general acceptance" in the relevant scientific or expert community.

United States v. Crisp, 324 F.3d 261, 266 (4th Cir. 2003) (citing Daubert, 509 U.S. at 593-94).

A court's analysis using these five factors "must be 'a flexible one'" because, "[r]ather than providing a definitive or

exhaustive list, Daubert merely illustrates the types of factors that will 'bear on the inquiry.'" Id. (citing Daubert, 509 U.S. at 593-94). Ultimately, "it is the trial court's duty to play a gatekeeping function in deciding whether to admit expert testimony: '[T]he trial judge must ensure that any and all scientific evidence admitted is not only relevant, but reliable.'" Id. at 265 (quoting Daubert, 509 U.S. at 589). Further, "Rule 702 excludes expert testimony on matters within the common knowledge of jurors." Persinger v. Norfolk & W. Ry. Co., 920 F.2d 1185, 1188 (4th Cir. 1990).

Lastly, even admissible expert testimony may be excluded under Federal Rule of Evidence 403. See Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999) ("[G]iven the potential persuasiveness of expert testimony, proffered evidence that has a greater potential to mislead than to enlighten should be excluded."). Nonetheless, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

This Court finds that Dr. Riggs's testimony is relevant and reliable under Rule 702 based on his testimony at the Daubert hearing and the contents of his four-page report. This Court finds that Dr. Riggs's testimony is reliable because it is based on

scientific and other knowledge. This Court finds that his testimony is relevant because it will assist the jury in understanding the evidence and determining a fact in issue. Additionally, Dr. Riggs is qualified through his status as a board-certified neurologist, his background and training, and the number of peer-reviewed articles he has written, including several he identified during the Daubert hearing as involving blunt force trauma. Further, this Court finds that there is not only one type of physician who can testify on blunt force trauma, and Dr. Riggs is not unqualified simply because his specialty is neurology.

As to the government's argument that it is impermissible for Dr. Riggs to comment on the credibility of eyewitnesses, this Court finds that Dr. Riggs is not attempting to do so. Rather than saying the eyewitnesses are not credible, Dr. Riggs is saying that the evidence that will be before the trier of fact is not medically substantiated. It is permissible for an expert physician to say that, based on his review of video evidence, the opinions of eyewitnesses as to the injuries obtained in the video are not medically substantiated. Testimony that eyewitness opinions are not medically substantiated is not the same as testimony that eyewitnesses are not credible, which is a question reserved for the trier of fact.

Lastly, this Court finds that Dr. Riggs's testimony should not be excluded under Rule 403 because the facts of the case are

complicated and his testimony will be helpful to the jury's understanding of the facts. This Court finds that, subject to cross-examination and other considerations as noted above, Dr. Riggs's testimony will not mislead the jury, but rather will assist them in determining the issues. Accordingly, the government's motion in limine to exclude the expert testimony of Dr. Riggs is DENIED.

2. <u>Government's Motion in Limine to Exclude Expert Testimony of Timothy Dimoff</u> — DENIED.

The government next asks this Court to exclude the expert testimony of Timothy Dimoff, an Ohio-based private security consultant. The defendant intends to call Mr. Dimoff as a use of force expert and as an expert in the proper completion of the HCSO report forms. The government argues that the defendant has failed to establish that Mr. Dimoff, who has not served in law enforcement for twenty-five years, is qualified to offer expert testimony as to the operations of HCSO. The government states that Mr. Dimoff's CV does not indicate any background, experience, or knowledge of either West Virginia's laws or HCSO's training, policies, or procedures. Additionally, the government argues that, even if Mr. Dimoff could be qualified as an expert witness, he cannot offer his opinion on the ultimate issue of whether the defendant used excessive force amounting to punishment of a pretrial detainee.

The defendant argues that Mr. Dimoff is a former police officer who has been trained in and has experience in use of force procedures. Specifically, the defendant argues that Mr. Dimoff has knowledge of the accepted use of force continuum and protocols, which are a national, not state, standard. The defendant points out that the continuum of force protocols are a major issue in this case and that Mr. Dimoff's testimony could be of great assistance to the jury in determining this issue.

Applying the same law as is stated above in the discussion of Dr. Riggs's expert testimony, this Court finds that Mr. Dimoff is sufficiently qualified to offer his expert testimony under Rule 702. This Court agrees with the defendant that the use of force continuum is an important, complicated issue and that Mr. Dimoff's testimony would assist the jury to understand the evidence and determine the facts in issue. Further, like with Dr. Riggs's testimony, this Court finds that robust cross-examination will prevent Mr. Dimoff's testimony from misleading the jury and, thus, the testimony is also admissible under Rule 403. Accordingly, the government's motion in limine to exclude the expert testimony of Mr. Dimoff is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.

DATED: October 7, 2016

        <u>/s/ Frederick P. Stamp, Jr.</u>
        FREDERICK P. STAMP, JR.
        UNITED STATES DISTRICT JUDGE