IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                            Criminal Action No. 5:16CR24
                                                  (STAMP)
MARK COWDEN,

       Defendant.

## MEMORANDUM OPINION AND ORDER DEFERRING IN PART AND GRANTING IN PART DEFENDANT'S SECOND MOTION IN LIMINE

On September 28, 2016, defendant Mark Cowden ("Cowden") filed his second motion in limine (ECF No. 69) to exclude portions of Government's Exhibit No. 40, to exclude any mention by the government or any witness regarding the "special needs" son of R.H. or E.H., and to exclude Government's Exhibit Nos. 42, 43, and 47. On September 29, 2016, the government filed its response to defendant's second motion in limine (ECF No. 76). Inasmuch as neither the government or defendant attached the subject Government's Exhibit Nos. 40, 42, 43, or 47 with the motion or response, this Court, by order entered October 5, 2016, directed the government to file such exhibits. ECF No. 101. The government then filed these exhibits as attachments. ECF No. 102.

For the reasons set forth below, this Court defers ruling on matters involving Government's Exhibit No. 40, denies as moot the portion dealing with the mention of "special needs," and denies defendant's motions regarding Government's Exhibit Nos. 42, 43 and 47.

1. <u>Parts of Facebook Conversation (Government's Exhibit No. 40)</u>

Government's Exhibit No. 40 is a text response to an email message from E.H. Defendant moves to exclude parts of a Facebook message conversation between defendant Cowden and the spouse of victim R.H. on April 22, 2016. Specifically, the victim's wife E.H. inquired: "Were you one of the officers that used his face as a beating post?" Defendant argues that the "beating post" question should be excluded because it is irrelevant under Federal Rule of Evidence 401 and even if it were relevant, would be unfairly prejudicial and therefore prohibited under Federal Rule of Evidence 403. The government responds that this question is relevant because it "provides proper context to defendant's response to the question." That response was: "Ma'am I wasn't at the scene of the arrest but was at the sheriff's office when he was transported there. When he arrived he had multiple wounds on his face. That is corroborated by at least 3 witnesses. The current sheriff is trying to say I inflicted those wounds for political crap. The state trooper himself will tell you it was him and not me." The government asserts that the defendant is seeking to exclude only the question leaving the defendant's response "isolated, misleading and incomplete." The government, therefore, seems to be arguing that both the question and the response should be admitted under the Rule of Completeness set forth in Federal Rule of Evidence 106.

However, this Court believes that the motion and response fail to address the underlying question of whether the "beating post" question is, in fact, hearsay and therefore inadmissible or if it is hearsay, whether or not it becomes admissible under any exception to the hearsay rule. Fed. R. Evid. 801, 802, 803, 804 and 807. Therefore, this Court defers ruling on this portion of the motion pending further clarification.

The second objection of the defendant is to the so-called "special needs" statement made on Facebook by the questioner. The government in its response indicates that it does not oppose this part of the motion and agrees to redact the challenged statements assuming, of course, that the Government's Exhibit No. 40 is admissible. That part of the motion is therefore denied as moot. This Court is aware that the government also argues that if the defendant attacks the character of the victim then it should be allowed to introduce the "special needs" statements as good character evidence to explain what was happening in the victim's life at the time and to "perhaps provide some context for why he was intoxicated on the night in question." This Court will defer any ruling on that aspect of the motion until that issue arises.

2. <u>Letter Regarding Chrome Night Club Incident (Government's Exhibit No. 47)</u>

Defendant asserts that Government's Exhibit No. 47 (an undated letter from Deputy Patrick Hoder to Sergeant B.S. Swan) should be excluded because those letters are hearsay and are not a business

3

record in that they were not prepared or kept in the ordinary course of business under Federal Rule of Evidence 803(6). The government responds that the letter is not hearsay. Because this Court has now ruled that evidence of the Chrome Night Club incident is admissible under Federal Rule of Evidence 404(b), the government asserts that with that ruling Deputy Hoder, the author of the letter, will be testifying and that his testimony would be consistent with his statements contained in the subject letter. If this is the case, then the Court believes that such statements would not be hearsay and therefore Defendant's Second Motion in Limine on that subject is DENIED.

3. <u>Aggressive and Resistive Behavior Response Form/Exposure Report Dated October 19, 2008 (Government's Exhibit No. 42)</u>

Defendant next argues that Government's Exhibit No. 42 is not relevant and even if relevant, is unfairly prejudicial and therefore excluded under Federal Rule of Evidence 403. The government, in turn, argues that Exhibit No. 42 is relevant to prove both Counts One and Two because defendant's practices in completing the Aggressive and Resistive Behavior Response Form and writing a more detaned narrative that did not omit any use of force he used in the narrative statement on other occasions is relevant to the state of mind element of the crime charged in Count Two. The government also argues that defendant's knowing omissions from the narrative in this case is evidence of consciousness of guilt of his willful use of excessive force under Count One. The

government argues that ". . . a reasonable juror could conclude that when Defendant uses reasonable force, as he did in 2008, he does not omit important facts from the narrative. But when he uses excessive force, as he did in this case, he does make those omissions."

This Court believes that in this context, Government's Exhibit No. 42 would be relevant and not unfairly prejudicial under Rule 403.

    4.   <u>Aggressive and Resistive Behavior Response Form/Exposure Report Dated September 20, 2009 (Government's Exhibit No. 43)</u>

Defendant Cowden moves to exclude the Aggressive and Resistive Behavior Response Form/Exposure Report dated September 20, 2009, as being irrelevant and, even if relevant, unfairly prejudicial under Rule 403. The government responds by pointing out that this form was completed by Deputy Patrick Hoder ("Hoder") after his use of a taser. Defendant Cowden submitted this report as Hoder's supervising officer. Hoder's narrative contained in Government's Exhibit No. 43 describes the circumstances which lead to his use of force. The government argues that, like Exhibit No. 42, Government's Exhibit No. 43 is relevant "while for somewhat different reasons." The government asserts that defendant Cowden submitted the form on behalf of Hoder, a subordinate. The government argues that this submission indicates "Defendant's approval of the manner in which the subordinate completed the form and wrote his accompanying narrative, specifically how the

subordinate provided sufficient detail of the facts necessary to determine that the force used was reasonable under the circumstances." The way defendant Cowden applied the standard to his subordinate is directly relevant to his own reporting in this case including, the government asserts, whether defendant Cowden "knowingly omitted details which he would have required a subordinate to include, and thus whether he was manifesting a consciousness of guilt as to the force he used." The government asserts also that this evidence is not unfairly prejudicial to the defendant and excludable under Rule 403. This Court agrees with the government's position and, therefore, denies defendant Cowden's motion in limine on this subject.

As to both Government's Exhibit Nos. 42 and 43, this Court believes that a sufficient limiting instruction may be given which would, in effect, instruct the jury that the evidence is intended to provide the jury with a certain context surrounding defendant's reporting practices and is not intended to assert that defendant Cowden used excessive force, such as including it as Rule 404(b) evidence.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant, to counsel of record herein, to the United States Probation Office and to the United States Marshals Service.

DATED:     October 7, 2016

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE